UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MALIBU MEDIA, LLC,
    *Plaintiff*,

    v.

    No. 3:18-cv-01369 (JAM)

JOHN DOE,
    *Defendant*.

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

Imagine that someone accesses the internet via a particular internet protocol ("IP") address and illegally downloads movies. That IP address was assigned by an internet service provider ("ISP") to one of its subscriber accounts. Is it fair to say that the ISP account subscriber—the person who pays the internet bill—is the individual who must have engaged in the illegal activity and who should pay a large damages award if he or she does not appear in court to deny doing anything wrong? At a time when wireless internet networks and personal electronic devices are ubiquitous, and when network passwords, logins for TV streaming services, and Amazon accounts are freely shared with family, friends, roommates, businesses, and even strangers, I don't think so.

This issue arises in the context of an unopposed motion for default judgment by plaintiff Malibu Media, LLC, a maker and distributor of adult films that have been chronically subject to illegal downloading activity on the internet. Defendant John Doe is the named subscriber to a Cox Communications internet service account that is associated with the IP address that was used to unlawfully download several of Malibu Media's films.[1] Because Malibu Media does not

---

[1] Because of compelling reasons not to disclose the true name of the defendant in this action, I granted Malibu Media's request to file this motion under seal. Doc. #28. Accordingly, the defendant is identified as "John Doe" throughout this ruling.

allege any additional facts beyond Doe's subscriber status to show that he engaged in the

unlawful downloading of Malibu Media films, I conclude that Malibu Media has not alleged

plausible grounds for relief and will deny Malibu Media's motion for default judgment without

prejudice.

## BACKGROUND

The following facts are taken from plaintiff Malibu Media's complaint and are accepted

as true for the purpose of ruling on this motion. On August 13, 2018, Malibu Media, the owner

of the copyrighted adult films at issue, filed this action against John Doe, the then-unknown

subscriber of the account assigned to IP address 72.192.32.104, alleging violations of the

Copyright Act. Doc. #1. Malibu Media alleges that the IP address in question was used to

illegally distribute its copyrighted movies, after its investigator established a direct TCP/IP

connection with the IP address and determined that the "BitTorrent file distribution network," a

peer-to-peer file sharing system, was used to copy Malibu Media's films without authorization.

Doc. #17 at 2-4 (¶¶ 10-23) (amended complaint). Malibu Media's investigator proceeded to use

"proven IP address geolocation technology," which it claims has "consistently worked in similar

cases," to trace the IP address to a physical address located within the District of Connecticut. *Id*.

at 1-2 (¶ 5).

The Court granted Malibu Media's motion for leave to serve a third-party subpoena on

Cox Communications to obtain the name of the owner of the internet subscriber account that was

assigned to the IP address at the relevant time. Docs. #8, #10. Pursuant to that subpoena, Malibu

Media determined the name of the listed owner of the internet subscriber account.

In March 2019, Malibu Media filed an amended complaint naming Doe as defendant,

alleging that he "downloaded, copied, and distributed a copy of Plaintiff's movies without

authorization" and that he "is a habitual and persistent BitTorrent user and copyright infringer."

Doc. #17 at 4 (¶¶ 23, 25). As its single cause of action, Malibu Media asserts direct infringement

of copyright under 17 U.S.C. § 106 *et seq*. *Id*. at 5-6 (¶¶ 28-33). In its amended complaint,

Malibu Media states this cause of action specifically against Doe, without further reference to an

IP address.

Malibu Media alleges only that its investigator "connected, over a course of time, with

Defendant's IP address." *Id.* at 4 (¶ 24). The amended complaint does not allege that anyone ever

spoke with or contacted Doe personally. Nor does the amended complaint state facts to suggest

that Doe has exclusive access to the internet account assigned to the specified IP address. But

Malibu Media nonetheless avers that its investigation established that "[Doe]"—himself,

personally—"downloaded, copied, and distributed a complete copy of Plaintiff's works without

authorization." *Id*. at 4 (¶ 23); *see also id*. at 3, 5 (¶¶ 18, 30) (respectively alleging that

"Plaintiff's investigator downloaded from Defendant" digital media files, and that "Defendant

copied and distributed" elements of the protected videos).

Doe was personally served with a summons and amended complaint at an address in

Wethersfield, Connecticut. Doc. #23. He did not answer or otherwise appear in the action. In

May 2019, the Court granted a motion for default entry against Doe. Docs. #25, #26. Malibu

Media has now filed an unopposed motion for entry of default judgment, seeking statutory

damages in the amount of $7,500, a permanent injunction, and an award of attorney's fees and

costs. Docs. #29; #29-1 at 1, 16.

## DISCUSSION

"It is an ancient common law axiom that a defendant who defaults thereby admits all

well-pleaded factual allegations contained in the complaint." *City of New York v. Mickalis Pawn*

*Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (internal quotations and citations omitted). Federal

Rule of Civil Procedure 55 "provides a 'two-step process' for the entry of judgment against a

party who fails to defend: first, the entry of a default, and second, the entry of a default

judgment." *Id.* at 128; Fed. R. Civ. P. 55(a)-(b). Once the clerk enters a default pursuant to Rule

55(a), "the court may, on plaintiffs' motion, enter a default judgment if liability is established as

a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers &

Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*,

779 F.3d 182, 187 (2d Cir. 2015).

Although it is true that "a defendant who defaults thereby admits all well-pleaded factual

allegations contained in the complaint," it is also true that "a district court need not agree that the

alleged facts constitute a valid cause of action." *Mickalis Pawn Shop*, 654 F.3d at 137. That is to

say, a default "only establishes a defendant's liability if those allegations are sufficient to state a

cause of action against the defendant." *Taizhou Zhongneng Import & Export Co. v. Koutsobinas*,

509 F. App'x 54, 56 (2d Cir. 2013) (default judgment wrongly entered on breach of contract

claim against party who was not a party to the contract and in the absence of further factual

allegations to show that the non-party was subject to veil-piercing liability for breach of

contract).

A court should not grant a motion for default judgment simply because a plaintiff alleges

in a conclusory fashion that a defendant has violated the law. Instead, the factual allegations in

support of default judgment must establish plausible grounds for relief. Thus, a court must

evaluate whether the factual allegations set forth as a basis for the default judgment motion

would survive a challenge by way of a motion to dismiss for failure to state a claim under Rule

12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Belizaire v. RAV Investigative & Sec.*

*Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014); *Atl. Recording Corp. v. Brennan*, 534 F.

Supp. 2d 278, 283 (D. Conn. 2008). As the Supreme Court has noted, the plausibility standard

that governs the adequacy of the factual allegations of a complaint "is not akin to a probability

requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Notwithstanding Malibu Media's well-pleaded allegations that someone infringed its

copyright, the issue here is whether it has plausibly alleged that it was Doe who did so. On the

one hand, some courts conclude that, if there has been a copyright infringement traced to a

particular IP address, it is plausible to conclude that the subscriber to the ISP account that

corresponds to this IP address is the one who engaged in the acts of copyright infringement. *See,*

*e.g.*, *Countryman Nevada LLC v Pitts*, 2014 WL 7178077, at *2 (M.D. Fla. 2014); *Malibu Media*

*LLC v John Does 1–11*, 2013 WL 3732839, at *4 (S.D.N.Y. 2013).

On the other hand, a growing weight of authority runs to the contrary, with courts

concluding that a defendant's status as subscriber of the ISP account associated with the IP

address used to infringe a copyright, standing alone, merely makes it possible—rather than

plausible—that it was the defendant who engaged in the acts of unlawful infringement. *See, e.g.*,

*Malibu Media LLC v. Duncan*, 2020 WL 567105, at *4-6 (S.D. Tex. 2020) (collecting cases);

*Malibu Media v. Park*, 2019 WL 2960146, at *6 (D.N.J. 2019) (denying motion for default

judgment against subscriber to ISP account associated with IP address used for infringing

activity); *Malibu Media, LLC v. Doe*, 2018 WL 6446404, at *3 (N.D. Ill. 2018) (granting motion

to dismiss by subscriber to ISP account associated with IP address used for infringing activity).

The Second Circuit has yet to address the issue, but the Ninth Circuit has persuasively

explained why a plaintiff like Malibu Media does not state plausible grounds for relief by

alleging only that a defendant is the registered owner of the internet subscriber account assigned

to the IP address associated with the infringement activity. *See Cobbler Nevada LLC v.*

*Gonzalez*, 901 F.3d 1142 (9th Cir. 2018). "Although copyright owners can often trace

infringement of copyrighted material to an IP address, it is not always easy to pinpoint the

particular individual or device engaged in the infringement." *Id.* at 1146. "[S]imply establishing

an account [that is associated with an IP address] does not mean the subscriber is even accessing

the internet, and multiple devices can access the internet under the same IP address." *Ibid.*

Another court has also aptly explained why it is speculative to conclude that unlawful

activity involving a particular IP address should be attributed to the subscriber of the ISP account

that is associated with that IP address:

> [I]t is no more likely that the subscriber [of an ISP account assigned]
> to an IP address carried out a particular computer function—here the
> purported illegal downloading of a single pornographic film—than
> to say an individual who pays the telephone bill made a specific
> telephone call.
>
> Indeed, due to the increasing[] popularity of wireless routers, it [is]
> much less likely…. [A] single IP address usually supports multiple
> computer devices—which unlike traditional telephones can be
> operated simultaneously by different individuals. Different family
> members, or even visitors, could have performed the alleged
> downloads. Unless the wireless router has been appropriately
> secured (and in some cases, even if it has been secured), neighbors
> or passersby could access the Internet using the IP address assigned
> to [the ISP account of a] particular subscriber and download the
> plaintiff's film.

*In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 84, *report and*

*recommendation adopted sub nom. Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233 (E.D.N.Y.

2012).

Beyond alleging that Doe is the subscriber of the ISP account associated with the IP

address used for infringing activity, Malibu Media does not allege any additional facts to make it

plausible to conclude that it was Doe—rather than other persons—who was responsible for the

infringing activity. For example, Malibu Media does not allege any facts about whether the

physical address corresponds to a single-family home or a multi-unit apartment building. Nor

does Malibu Media allege any facts about the number of persons who reside at the physical

address that corresponds to the ISP subscriber account and IP address. Nor does Malibu Media

allege any facts about the network configuration at the physical address, such as whether there is

wireless internet or whether the network is secured or unsecured. *Compare Malibu Media, LLC*

*v. Doe*, 2019 WL 8301066, at *2 (N.D. Ill. 2019) (denying motion to dismiss by defendant

subscriber of ISP account because "Malibu Media's [new] allegations about Doe's background

in computer science and presence as the lone adult male in the residence during the period of

infringement further make it plausible that Doe, and not another individual, was the infringer.").

To be sure, I understand that "the technology limitations potentially puts a plaintiff [like

Malibu Media] in a difficult position in naming the correct defendant," but "such limitations do

not relieve a plaintiff of alleging sufficient facts so that a court can reasonably infer that the

named defendant is the actual infringer." *Malibu Media v. Park*, 2019 WL 2960146, at *6.

Without additional allegations, "[i]t thus remains just as possible that the IP address was used by

family members, roommates, guests, friends, and neighbors." *Malibu Media v. Duncan*, 2020

WL 567105, at *6. Accordingly, I will deny the motion for default judgment without prejudice to

renewal on the basis of additional allegations to plausibly show that it was Doe who engaged in

the alleged infringing activity.

## CONCLUSION

For the reasons set forth above, the motion for default judgment (Doc. #29) is DENIED

without prejudice. Malibu Media may file a renewed motion for default judgment by **September**

**14, 2020**. If Malibu Media does not file a renewed motion for default judgment by that date, the

Court may dismiss this action for failure to prosecute.

It is so ordered.

Dated at New Haven this 13th day of August 2020.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge