UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MALIBU MEDIA, LLC,
    *Plaintiff*,

v.

GIAN MANTILLA (f.k.a., "John Doe"),
    *Defendant*.

No. 3:18-cv-01369 (JAM)

**ORDER DENYING RENEWED MOTION FOR DEFAULT JUDGMENT**

Plaintiff Malibu Media, LLC has filed this copyright infringement action against defendant Gian Mantilla.[1] Malibu Media alleges that Mantilla is the named subscriber to a Cox Communications internet service account that is associated with an IP address used to unlawfully download its films. In a prior motion for default judgment, Malibu Media did not allege any additional facts linking Mantilla to the infringement, and I denied the motion without prejudice because I concluded that Malibu Media had not stated plausible grounds for relief. *See Malibu Media, LLC v. Doe*, 2020 WL 4719219 (D. Conn. 2020).

Now Malibu Media has filed a renewed motion for default judgment with a supporting affidavit that still falls short of alleging facts to plausibly suggest that Mantilla infringed Malibu Media's copyrights. Accordingly, I will again deny Malibu Media's motion for default judgment.

**BACKGROUND**

Malibu Media filed this action against Mantilla, the then-unknown subscriber of the account assigned to IP address 72.192.32.104, alleging violations of the Copyright Act. Doc. #1. Malibu Media alleges that the IP address in question was used to illegally distribute five of its

---

[1] Until this ruling, I have granted Malibu Media's requests to seal Mantilla's name in court filings because of compelling reasons not to disclose his true name before a final judgment was entered against him. *See, e.g.*, Doc. #28. Because Mantilla has declined to respond in this action or to request confidentiality, there is no longer any continuing compelling reason to protect his name from public disclosure in this action.

1

copyrighted movies, after its investigator established a direct TCP/IP connection with the IP address and determined that the "BitTorrent file distribution network," a peer-to-peer file sharing system, was used to copy Malibu Media's films without authorization. Doc. #17 at 2-4 (¶¶ 10-23) (amended complaint). Malibu Media's investigator proceeded to use "proven IP address geolocation technology," which it claims has "consistently worked in similar cases," to trace the IP address to a physical address located within the District of Connecticut. *Id*. at 1-2 (¶ 5).

I granted Malibu Media's motion for leave to serve a third-party subpoena on Cox Communications to obtain the name of the owner of the internet subscriber account that was assigned to the IP address at the relevant time. Docs. #8, #10. Pursuant to that subpoena, Malibu Media determined that Mantilla is the owner of the internet subscriber account.

Malibu Media then filed an amended complaint naming Mantilla defendant, alleging that he "downloaded, copied, and distributed a copy of Plaintiff's movies without authorization" and that he "is a habitual and persistent BitTorrent user and copyright infringer." Doc. #17 at 4 (¶¶ 23, 25). As its single cause of action, Malibu Media asserts direct infringement of copyright under 17 U.S.C. § 106 *et seq*. *Id*. at 5-6 (¶¶ 28-33).

Mantilla was personally served with a summons and amended complaint at an address in Wethersfield, Connecticut. Doc. #23. He did not answer or otherwise appear in the action. In May 2019, I granted a motion for default entry against Mantilla with leave granted to Malibu Media to file a motion for default judgment. Docs. #25, #26.

In June 2019, Malibu Media moved for default judgment against Mantilla. Doc. #29. Although Mantilla did not oppose the default judgment motion, I nonetheless denied it without prejudice on the ground that the bare allegation that Mantilla was the subscriber for the IP address in question did not plausibly establish that it was Mantilla who used the address to

engage in unlawful downloading of Malibu Media's films. Doc. #33; *Malibu Media, LLC v. Doe*, 2020 WL 4719219 (D. Conn. 2020). Notwithstanding Malibu Media's well-pleaded allegations that *someone* infringed its copyright, it did "not allege any additional facts to make it plausible to conclude that it was [Mantilla]—rather than other persons—who was responsible for the infringing activity" beyond his subscription to the infringing IP address. *Id*. at *4. Malibu Media did not allege any facts that anyone ever spoke with or contacted Mantilla personally, nor that Mantilla had exclusive access to the internet account assigned to the specified IP address. *Id*. at *2. Nor did it allege facts about the type of physical address the IP address was linked to, how many people reside there, or the network configuration at that address. *Id*. at *4. Accordingly, I denied Malibu Media's motion without prejudice to filing a renewed motion for default judgment that cured the deficiencies identified in my order. *Ibid*.

Malibu Media has now filed a renewed motion for default judgment. Doc. #34. By way of an affidavit from its counsel that is attached to the renewed motion, Malibu Media alleges the following facts specific to Mantilla: that "Defendant is a single male who has lived at his primary residence during the dates of infringement"; that "investigation has further revealed that Defendant has an occupation and is interested in photography and videography"; that "investigation shows that Defendant's IP address was used to download a number of photography and videography software and resource materials"; and that "investigation also reveals that Defendant has an interest in the tv show, The Walking Dead, and that The Walking Dead tv aftershow, The Talking Dead, was downloaded by Defendant's IP address." Doc. #34-3 at 1-2 (¶¶ 7-10).

The further facts alleged in the affidavit tend to show only that Mantilla has used the IP address but does not shed light on whether anyone else uses the IP address. The fact that Mantilla

has an interest in videography and photography or in a particular television show does not make it any more plausible to conclude that he was the one who used the IP address to download Malibu Media's films. Accordingly, I conclude that the additional facts as alleged in counsel's affidavit do not plausibly show that it was Mantilla who violated Malibu Media's copyrights.

Oddly enough, Malibu Media's memorandum of law alleges yet additional facts that would satisfy the plausibility standard but does so without citation and without setting forth those facts in the supporting affidavit. Most significantly, the memorandum of law states that Mantilla "owns his home alone and does not have others living with him at the subject address." Doc. #34-1 at 1-2. The memorandum of law also refers to Mantilla's "likes" as contained in "social media profiles," *id.* at 2, and describes how his interests as indicated in social media profiles strongly correspond to network activity over the IP address at issue. *See id.* at 9.

Both the memorandum of law and the supporting affidavit are signed by the same counsel. It is puzzling why counsel would choose to state further factual allegations in an unsworn memorandum of law that he does not set forth in an accompanying sworn affidavit. Because there is no good reason evident to explain this discrepancy (and because of the possibility that counsel seeks to induce me to rely on facts that he is unwilling to swear are true), I decline to credit any of counsel's additional factual allegations as stated in counsel's memorandum of law. *Cf. Coyle v. Coyle*, 153 Fed. App'x 10, 11 (2d Cir. 2005) (factual deficiencies in pleading or extrinsic materials in support of pleading may not be remedied simply by alleging additional facts in memorandum of law).

## CONCLUSION

For the reasons set forth above, the renewed motion for default judgment (Doc. #34) is DENIED without prejudice to filing of a properly supported motion on or before **November 17,**

4

**2020**. If Malibu Media is unable to file a properly supported motion by that date, the Court will likely dismiss this action with prejudice for failure to allege plausible grounds for relief.

It is so ordered.

Dated at New Haven this 3rd day of November 2020.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge